IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| JAMI REBSOM, | CV 20-01-BLG-SPW-TJC |
| Plaintiff, | |
| vs. | **ORDER** |
| STEVE KUNNATH in his official and individual capacities; MICHAEL LABATY in his official and individual capacities; CITY OF LIVINGSTON, MONTANA; JAY PORTEEN in his official and individual capacities; and COREY O'NEILL in his official and individual capacities, | |
| Defendants. | |

Before the Court are Defendants Steve Kunnath and Corey O'Neill's (collectively, "Defendants") Motion to Compel (Doc. 29) and Motion for Leave to File Proposed Order (Doc. 54).  The Court held a hearing on the motions on May 27, 2021.  (Docs. 57, 62.)  For the following reasons, the motions are **GRANTED**.

I.     **BACKGROUND**

Plaintiff Jami Rebsom filed her Complaint on January 6, 2020 and an Amended Complaint on March 10, 2020.  (Docs. 1, 5.)  After Defendants filed their individual answers, the Court held a Preliminary Pretrial Conference on July

1

14, 2020, setting deadlines in the case.  (Docs. 6, 8, 9, 12, 21, 22.)  The Scheduling Order set a discovery deadline of April 16, 2021.  (Doc. 22 at 1, 2.)

Defendant O'Neil served his first set of discovery requests on Rebsom on September 18, 2020, and a second and third set of discovery requests on December 23, 2020.  Defendant Kunnath served his first, second, and third discovery requests on December 23, 2020.  Having received no responses to any of the discovery requests, Defendants moved the Court to compel discovery responses on March 26, 2021.  (Doc. 29.)  Defendants certified that they had attempted on multiple occasions to schedule a meet and confer conference with Rebsom, without receiving a response.  (*Id.* at 2-3; Doc. 30.)  Defendants sought an order compelling answers to interrogatories and production of materials responsive to their first, second, and third sets of discovery requests pursuant to Fed. R. Civ. P. 37(a)(3)(B).  (Docs. 29 at 2; 30 at 18.)  Defendants also requested that the Court deem admitted their requests for admission in the first and second sets of discovery; a waiver of objections to the interrogatories and requests for productions; an award of reasonable expenses, including attorneys' fees; and additional sanctions under Rule 37.  (*Id.*; Doc. 30 at 18-23.)

By order dated April 12, 2021, Rebsom was required to file a response to the motion to compel by April 26, 2021.  (Doc. 35.)  Rebsom did not respond to the Court's order, or otherwise respond to the motion to compel.

The Court set a hearing on the motions and required the parties to further meet and confer.  (*Id.*)  Per the April 12, 2021 Order, the parties' filed a Joint Status Report detailing their efforts to meet and confer.  (*Id.*; Doc. 53.)  The parties' reported Rebsom had, as of April 29, 2021, responded to Kunnath's first, second, and third sets of discovery (Docs. 30-4, 30-5, 30-6) and O'Neill's second and third sets of discovery (Docs. 30-2, 30-3), but did not respond to Kunnath's fourth set of discovery or O'Neill's first set of discovery (Doc. 30-1).  (Doc. 53 at 2.)  As of May 3, 2021, Rebsom responded to O'Neill's first set of discovery (Doc. 30-1).  (*Id.* at 4.)  Rebsom also provided a supplemental response to Kunnath's first set of discovery, disclosing contact information for newly disclosed fact witnesses. (*Id.*)

After multiple continuances, the hearing was held on May 27, 2021.  (Doc. 62.)  Rebsom appeared at the hearing and conceded she had not provided timely responses to the Defendants' discovery requests, nor had she provided any responses before the discovery deadline.  Rebsom's counsel advised that a family member had been experiencing significant health issues, and she had been distracted from her legal work.

Defendants disputed that complete responses had been provided. Additionally, Defendants objected to the materials ultimately provided on the grounds that they disclosed new witnesses and evidence that were never previously

disclosed or identified in initial disclosures or discovery.  Defendants thus requested the newly disclosed witnesses be precluded from testifying, and that the late disclosed documents be excluded.

## II.   ANALYSIS

Defendants submitted discovery requests to Rebsom on September 18, 2020 and December 23, 2020.  Rebsom's responses were thus due on October 18, 2020 and January 22, 2021.  No responses were provided until after the close of discovery on April 16, 2021.  Under Fed. R. Civ. P. 37(a)(3)(B), a party seeking discovery may move for an order compelling responses or production if the opposing party fails to respond to discovery requests or produce documents as requested under the rule.  Defendants had no alternative than to file a motion to compel on March 26, 2021, due to Rebsom's failure to respond to the requests, as well as her failure to respond to their multiple requests to do so.  Therefore, to the extent any of the responses remain incomplete or inadequate, Defendants' motion to compel (Doc. 33) is well taken.

In addition, if a motion to compel is granted – or responses or production are provided after the motion is filed – the Court *must* order payment of the movant's reasonable expenses incurred making the motion.  Fed. R. Civ. P. 37(a)(5)(A). There are certain exceptions to the rule, none of which are applicable here. Accordingly, the Court is required under the rules to order payment of Defendants'

reasonable expenses in preparing and filing their motion to compel, including the time spent preparing for and attending the May 27 hearing.

Further, under L.R. 26.3(a)(4), the failure to timely object to discovery requests constitutes a waiver of any objection. Because Rebsom failed to object to any of the discovery requests within the time provided by the rules, any objection she may have to any of the requests has been waived and may not be asserted in her responses.

Finally, O'Neill's first and second discovery requests contain 20 requests for admissions, and Kunnath's first and second discovery requests contain 23 requests for admission. Under Fed. R. Civ. P. 36, a request for admission is deemed admitted unless the responding party serves on the requesting party an answer or objection within 30 days after service. This rule is self-executing; no motion to establish the admissions is needed. *F.T.C. v. Medicor LLC.*, 217 F. Supp. 2d 1048, 1053 (C.D. Cal. 2002). "Once admitted, the matter 'is conclusively established unless the court on motion permits withdrawal or amendment of the admission' pursuant to Rule 36(b)." *Conlon v. United States*, 474 F.3d 616, 621 (9th Cir. 2007). No motion has been made by Rebsom to withdraw her admissions.

Defendants have requested the imposition of additional sanctions under Rule 37, but the Court declines to do so at this time. The prejudice to Defendants by Rebsom's failure to timely respond to their discovery requests can be alleviated by

compelling complete responses to the discovery requests, and reopening discovery to allow Defendants the opportunity to conduct any additional discovery necessitated by the information ultimately disclosed by Rebsom.  Going forward, however, if Rebsom fails to fully comply with her discovery obligations, the Court will consider the full range of sanctions available under Rule 37, including dismissal.

## III.   ORDER

Accordingly, **IT IS HEREBY ORDERED** as follows:

1. Defendant O'Neill and Kunnath's motion to compel (Doc. 29) is **GRANTED.**

2. Rebsom shall pay the reasonable attorneys' fees and costs incurred in making the motion to compel, including preparing for and attending the May 27, 2021 hearing before the Court.  Defendants shall serve and file an accounting of fees and expenses in bringing the motion, supported by adequate documentation.  If Rebsom has any objection to the fees and costs claimed, she may file her objection and response within 14 days of service of Defendant's claim for costs.

3.  Rebsom has waived any objection to Defendants' discovery requests under L.R. 26.3(a)(4).

6

4.  Defendants' requests for admission in their first and second discovery requests are admitted.

5.  Discovery will reopen until September 10, 2020 for the limited purpose of allowing Defendants the opportunity to conduct any discovery deemed necessary by the discovery responses and documents ultimately produced by Rebsom.  Discovery otherwise remains closed, and Rebsom is not permitted to conduct additional discovery.  If Defendants require additional time to complete discovery, if an extension of the expert disclosure deadline is necessary because of the untimely responses, or if an extension of the motions deadline is necessary because of the late responses, Defendant may request such an extension.

6.  Since the Court reviewed and considered Defendants' proposed order, Defendants' motion for leave to file proposed order (Doc. 54) is **GRANTED**.

    **IT IS ORDERED**.

    DATED this 11th day of June, 2021.

    _____
    TIMOTHY J. CAVAN
    United States Magistrate Judge