IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| JAMI REBSOM,<br><br>            Plaintiff,<br><br>vs.<br><br>STEVE KUNNATH in his official and individual capacities; MICHAEL LABATY in his official and individual capacities; CITY OF LIVINGSTON, MONTANA; JAY PORTEEN in his official and individual capacities; and COREY O'NEILL in his official and individual capacities,<br><br>            Defendants. | CV 20-01-BLG-SPW-TJC<br><br>**ORDER** |

Before the Court is Defendants City of Livingston ("the City") and Jay Porteen's Motion to Compel (Doc. 33). The Court held a hearing on the motion on May 27, 2021. (Docs. 57, 62.) For the following reasons, the motion is **GRANTED**.

## I.    BACKGROUND

Plaintiff Jami Rebsom filed her Complaint on January 6, 2020 and an Amended Complaint on March 10, 2020. (Docs. 1, 5.) After Defendants filed their answer, the Court held a Preliminary Pretrial Conference on July 14, 2020,

1

setting deadlines in the case. (Docs. 6, 8, 9, 12, 21, 22.) The Scheduling Order set a discovery deadline of April 16, 2021. (Doc. 22 at 1, 2.)

Defendants served their second discovery requests on Plaintiff on November 20, 2020. Plaintiff did not respond to the discovery requests, and the City and Porteen ultimately filed a Motion to Compel on April 12, 2021. (Doc. 33.) When they did so, the City and Porteen certified their meet and confer efforts, stating they had attempted to contact Plaintiff on several occasions concerning the outstanding discovery but were unable to do so. (Doc. 33 at 2.) The City and Porteen sought to compel production of materials responsive to their requests for production; a waiver of objections to the requests for production; and permissible sanctions, including attorney's fees. (Docs. 33 at 1-2; 34 at 6-7.)

By order dated April 12, 2021, Rebsom was to file a response to the motion to compel by April 26, 2021. (Doc. 35.) Rebsom did not comply with the Court's order, or otherwise respond to the motion to compel.

The Court set a hearing on the motion and required the parties to further meet and confer. (*Id.*) The parties conferred on outstanding discovery in a conference on April 29, 2021. (Doc. 53 at 2.) At the time, Rebsom had still not responded to the City and Porteen's second discovery requests. (*Id.* at 2). It appears responses were ultimately provided on May 3, 2021. (*Id.* at 4.)

After multiple continuances, a hearing on the motion was held on May 27, 2021. At the motions hearing, Rebsom did not dispute that she had not timely responded to the discovery requests. Rebsom's counsel advised that a family member had been experiencing significant health issues, and she had been distracted from her legal work. The City and Porteen asserted that the production ultimately received from Rebsom was in adequate and incomplete.

**II.   ANALYSIS**

The City and Porteen submitted their second discovery requests to Rebsom on November 20, 2020; Rebsom's responses were due on December 20, 2020. Responses were not provided until over four months later, and after the close of discovery in the case. Under Fed. R. Civ. P. 37(a)(3)(B), a party seeking discovery may move for an order compelling production if the opposing party fails to produce documents as requested under the rule. The City and Porteen had no alternative than to file a motion to compel production due to Rebsom's failure to respond to the requests, as well as her failure to respond to their multiple requests to do so. Therefore, to the extent any of the responses remain incomplete or inadequate, the City and Porteen's motion to compel (Doc. 33) is well taken.

In addition, if a motion to compel is granted – or production is made after the motion is filed – the Court *must* order payment of the movant's reasonable expenses incurred in making the motion. Fed. R. Civ. P. 37(a)(5)(A). There are

certain exceptions to the rule, none of which are applicable here. Accordingly, the Court is required under the rules to order payment of The City and Porteen's reasonable expenses in preparing and filing their motion to compel, including the time spent preparing for and attending the May 27, 2021 hearing.

Further, under L.R. 26.3(a)(4), the failure to timely object to requests for production constitutes a waiver of any objection. Because Rebsom failed to object to any of the requests for production within the time provided by the rules, any objection she may have to any of the requests has been waived and may not be asserted in her responses.

The City and Porteen have requested the imposition of "any other sanctions the Court deems necessary and appropriate under the circumstances." (Doc. 34 at 8). As the City and Porteen point out, additional sanctions are permitted under Rule 37(c)(1), including those listed under Rule 37(b)(2)(A)(i)-(vi). The Court declines to do so at this time.

The prejudice to the City and Porteen by Rebsom's failure to timely respond to the requests for production can be alleviated by compelling complete responses to the discovery requests and reopening discovery to allow the City and Porteen an opportunity to conduct any additional discovery necessitated by the information ultimately disclosed by Rebsom. Going forward, however, if Rebsom fails to fully

comply with her discovery obligations, the Court will consider the full range of sanctions available under Rule 37, including dismissal.

### III. ORDER

Accordingly, **IT IS HEREBY ORDERED** as follows:

1. The City and Porteen's motion to compel (Doc. 33) is **GRANTED.**

2. Rebsom shall pay the reasonable attorneys' fees and costs incurred in making the motion to compel, including preparing for and attending the May 27 hearing before the Court.  The City and Porteen shall serve and file an accounting of fees and expenses in bringing the motion, supported by adequate documentation.  If Rebsom has any objection to the fees and costs claimed, she may file her objection and response within 14 days of service of the City and Porteen's claim for costs.

3. Rebsom has waived any objection to the requests for production under L.R. 26.3(a)(4) and Fed. R. Civ. P. 34(b).

4. Discovery will be reopened until September 10, 2021 for the limited purpose of allowing the City and Porteen the opportunity to conduct any discovery deemed necessary by the documents ultimately produced by Rebsom in response to the requests for production.  Discovery has otherwise closed, and Rebsom is not permitted to conduct additional discovery.  If the City and Porteen need additional time to complete discovery, if an extension of the

expert disclosure deadline is necessary because of the untimely production, or if an extension of the motions deadline is necessary because of the late disclosure, the City and Porteen may request such an extension.

DATED this 11th day of June, 2021.

                                                         _____
                                                         TIMOTHY J. CAVAN
                                                         United States Magistrate Judge