IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| JAMI REBSOM,<br><br>           Plaintiff,<br><br>vs.<br><br>STEVE KUNNATH, in his official and individual capacities; CITY OF LIVINGSTON, MONTANA; and JAY PORTEEN, in his official and individual capacities,<br><br>           Defendants. | CV 20-01-BLG-SPW-TJC<br><br>**ORDER** |

Presently before the Court are Defendants Livingston Police Officers Steve Kunnath and Corey O'Neill's ("Officers") and Defendants City of Livingston and Jay Porteen's ("Livingston Defendants") requests for attorney fees incurred in pursuing their motions to compel discovery. (Docs. 29 and 33, respectively.) Defendants seek to recover fees under Fed. R. Civ. P. 37(a)(5)(A) in connection with their motions to compel discovery.

The Officers and Livingston Defendants filed motions to compel responses to discovery which had been served on Plaintiff Jami Rebsom ("Rebsom") several months previously. (Docs. 29, 33.) The Court set a hearing on the motions and ordered Rebsom to respond to the motions to compel prior to the hearing. (Doc. 35.) Rebsom did not file a response to the motions to compel as ordered.

1

Following a hearing, the motions to compel were granted. (Docs. 66, 67.) In addition, the Officers' and Livingston Defendants' requests for fees and costs incurred in making the motions to compel were granted. (*Id.*) Defendants were ordered to file an accounting of their fees and expenses incurred, and Rebsom was given fourteen days thereafter to file any objection to the fees and costs claimed. (*Id.*) Defendants each filed an accounting of their fees and costs (Docs. 73, 74), but Rebsom did not file any objection or otherwise respond to the claimed fees and costs.

The Livingston Defendants submitted the affidavit of counsel, Thomas C. Bancroft, together with an itemization of the time spent and fees incurred in pursuing the Livingston Defendants' motion to compel. (Doc. 74-1.) Mr. Bancroft sets forth his hourly rate and that of his legal assistant, and attests that the time included only the work performed on the motion to compel. (*Id.*) Mr. Bancroft billed his time at $205 per hour and $90 per hour for his legal assistant. (*Id.*) The Livingston Defendants request a total award of fees in the amount $1,648.50. (*Id.*)

The Officers submitted the affidavit of counsel, Harlan B. Krogh, together with an itemization of time spent by his firm in preparing motions and briefs, proposed orders, complying with the Court's orders regarding meet and confer efforts, preparing and filing of joint status reports, and preparation and attendance at the hearing on the motion before the Court. (*See* Docs. 73-1, 73-2.) Mr. Krogh

attests that certain block billing entries were apportioned between time spent on the motion to compel and other litigation issues addressed on the same day. (Doc. 73-1.) Additionally, Mr. Krogh attests that the amount claimed is the amount of fees which were actually incurred and billed. (*Id.*) Mr. Krogh billed his time at $205 per hour, and $180 per hour was billed for an associate attorney, Haley Ford. (Doc. 73-2.) The Officers request a total award of fees in the amount of $17,417.00. (Docs. 73-1, 73-2.)

The Court has reviewed the affidavits and the time entries on the billing records, and concludes that the amount of time expended by counsel was reasonable and necessary for the development and presentation of the discovery issues. The Court also finds that the hourly rate charged is reasonable when compared to hourly rates charged by lawyers of reasonably comparable, skill, experience and reputation in the Billings, Montana, legal community.

There is a large disparity between the time expended by counsel for the Livingston Defendants and that by counsel for the Officers. But the Officers' motion was much broader than the Livingston Defendants' motion, and it appears the Officers also carried the bulk of the responsibility in preparing proposed orders, status reports, and presenting the discovery dispute to the Court at the time of hearing. Moreover, it is very difficult for the Court to find that any of the time was

not reasonable and necessary when Rebsom did not object to the fees requested by the parties.

Under Rule 37(a)(5)(A), the Court may require the party, the attorney for the party, or both, to pay the movant's fees incurred in making a motion to compel. Obviously, counsel has the responsibility to ensure that discovery is conducted according to the rules and in a timely fashion. In this case, Rebsom also shared that responsibility. Rebsom is an attorney and is knowledgeable regarding her duties and responsibilities in responding to discovery, and the consequences for failing to comply with those requirements. Defendants served discovery requests on Rebsom on September 18, 2020, and December 23, 2020. Rebsom's responses were thus due on October 18, 2020, and January 22, 2021. Rebsom was well aware of the time in which responses were required to be served. But despite repeated requests by Defendants, Rebsom failed to provide any responses by the time discovery closed on April 16, 2021. Rebsom and her counsel share responsibility for that failure. While it is unclear whether Rebsom or her counsel bear more responsibility, "[i]mposing sanctions against a party and counsel jointly and severally is appropriate where it is unclear based on the record which is less blameworthy than the other." *Twin Falls NSC, LLC v. S. Idaho Ambulatory Surgery Ctr., LLC*, 2020 WL 5523384, at *17 (D. Idaho Sept. 14, 2020). *See also*

*Nationstar Mortg., LLC v. Flamingo Trails No. 7 Landscape Maint. Ass'n*, 316 F.R.D. 327 (D. Nev. July 28, 2016).

Accordingly, **IT IS HEREBY ORDERED** that, pursuant to Fed. R. Civ. P. 37(a)(5)(A), the Livingston Defendants are awarded fees incurred in the amount of $1,648.50, and the Officers are awarded fees incurred in the amount of $17,417.00. Rebsom and her counsel shall be jointly and severally liable for the attorney fees awarded.

DATED this 10th day of March, 2022.

_____
TIMOTHY J. CAVAN
United States Magistrate Judge